IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 12, 2001

## ANTHONY M. HUNTER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-D-2936     J. Randall Wyatt, Jr., Judge**

_____

**No. M2000-03228-CCA-R3-PC - Filed January 4, 2002**

_____

This is an appeal from the denial of post-conviction relief.  The petitioner contends he was deprived of the effective assistance of counsel which led to an involuntary guilty plea.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Brent Horst (at hearing) and C. LeAnn Smith (on appeal), Nashville, Tennessee, for the appellant, Anthony M. Hunter.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Petitioner pled guilty on August 25, 1999, to two counts of especially aggravated kidnapping and received an agreed sentence of 20 years on each count as a Range I offender with the sentences to run concurrently.  Two other counts of the indictment charging aggravated burglary and evading arrest were dismissed pursuant to the agreement.

On July 17, 2000, petitioner timely filed a petition for post-conviction relief.  In the petition he alleged he received ineffective assistance of counsel which led to an involuntary guilty plea.  The post-conviction court concluded otherwise, and this appeal followed.  We affirm.

## UNDERLYING FACTS

The facts underlying petitioner's guilty plea reveal that the petitioner and an accomplice forced their way into a residence occupied by two women. The petitioner and his accomplice were armed, and, according to the facts stated at the plea submission hearing, the women were beaten. The victims were placed in a closet while the petitioner and his accomplice ransacked the home before leaving. The victims later got out of the closet and called the police. The petitioner was identified by the victims as being one of the perpetrators.

## TESTIMONY AT POST-CONVICTION HEARING

Petitioner testified at the post-conviction hearing that he only spent about two hours with his attorney prior to pleading guilty and was deprived of the right to talk to his family. He stated that he thought the first count of the indictment charged aggravated robbery since it was listed on the cover of the indictment. He subsequently discovered the body of the indictment charged the offense of aggravated burglary, not aggravated robbery. He stated his trial counsel advised him on the range of punishment for aggravated robbery rather than aggravated burglary. He further stated his trial counsel did not advise him of State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), which he thought would preclude multiple convictions for both robbery and kidnapping. Petitioner testified he would not have pled guilty under the plea agreement had he been aware that the first count of the indictment charged aggravated burglary rather than aggravated robbery. He further testified he would not have pled guilty had he known that Anthony would preclude multiple convictions.

Petitioner conceded his concurrent 20-year sentences for especially aggravated kidnapping were Range I sentences; yet, he had prior felony convictions for attempted aggravated robbery, aggravated assault, and possession of drugs for resale, which would qualify him as a Range II offender.

Trial counsel's testimony disputed petitioner's testimony in several respects. Counsel testified she spent over twenty-one hours on the case, six of which were in meetings with the petitioner. She further testified she consulted the petitioner's mother with regard to the plea offer; the mother recommended that petitioner take the plea offer; and counsel informed the petitioner of his mother's recommendation. Counsel recalled a discussion regarding whether Count 1 charged aggravated robbery or aggravated burglary but was uncertain as to when this discussion took place. Counsel stated it did not matter under the plea agreement since that count of the indictment was dismissed. Counsel disputed petitioner's testimony and stated she discussed the Anthony case and its ramifications with petitioner. She further stated she informed petitioner that if there was a merger of offenses, the merger would be into the greater offenses of especially aggravated kidnapping.

Counsel testified that the petitioner clearly qualified as a Range II offender and, as such, faced a range of punishment from 25 years to 40 years for each offense of especially aggravated kidnapping. She further feared the trial court might well sentence the petitioner to consecutive

sentences, thereby exposing him to a cumulative sentence of approximately 80 years. She so informed the petitioner.

The post-conviction court, in essence, found counsel's testimony credible. The post-conviction court found that counsel was not deficient in her representation of petitioner. The post-conviction court further found the discrepancy as to whether Count 1 charged aggravated robbery or aggravated burglary was not determinative with regard to petitioner's decision to enter his plea. The post-conviction court further found that the Anthony issue was moot since Count 1 of the indictment was dismissed under the plea agreement.

## INEFFECTIVE ASSISTANCE OF COUNSEL

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the petitioner so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. Goad, 938 S.W.2d at 370.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; State v. Honeycutt, 54 S.W.3d 762, 769 (Tenn. 2001).

In Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

## STANDARD OF REVIEW

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v.

State, 960 S.W.2d 572, 578 (Tenn. 1997). The burden of establishing that the evidence preponderates otherwise is on petitioner. *Id*. at 579. However, the trial court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

## ANALYSIS

We are unable to find prejudice to petitioner relating to Count 1 actually charging aggravated burglary rather than aggravated robbery. Petitioner contends his counsel erroneously advised him he faced the possibility of 70 to 80 years if he went to trial. We first note that petitioner had sufficient prior convictions to qualify him as a Range II offender. *See* Tenn. Code Ann. § 40-35-106(a)(1). Aggravated robbery is a Class B felony, and aggravated burglary is a Class C felony. *See* Tenn. Code Ann. §§ 39-13-402(b), -14-403(b). The Range II punishment for a Class B felony is 12 to 20 years, and 6 to 10 years for a Class C felony. *See* Tenn. Code Ann. § 40-35-112(b)(2), (3). However, petitioner was also indicted for two Class A felonies, especially aggravated kidnapping. Thus, he faced up to 40 years for each count of especially aggravated kidnapping. *See* Tenn. Code Ann. § 40-35-112(b)(1). Furthermore, petitioner faced a substantial possibility of consecutive sentencing. *See* Tenn. Code Ann. § 40-35-115. Accordingly, counsel properly advised petitioner that he faced a real possibility of at least an 80-year sentence if he went to trial, regardless of whether Count 1 charged aggravated robbery or aggravated burglary.

For these reasons, we agree with the post-conviction court that the discrepancy concerning Count 1 of the indictment was not a controlling factor in the petitioner's decision to plead. In short, petitioner has not shown by clear and convincing evidence that he would not have pled guilty had he realized Count 1 charged aggravated burglary and not aggravated robbery. *See* Hill, 474 U.S. at 59, 106 S. Ct. at 370.

We similarly conclude petitioner was not prejudiced with regard to the Anthony issue. All now concede Count 1 charged aggravated burglary, not aggravated robbery. Anthony does not preclude multiple convictions for aggravated burglary and two counts of especially aggravated kidnapping. *See* State v. Zonge, 973 S.W.2d 250, 256 (Tenn. Crim. App. 1997) (holding Anthony does not bar dual convictions for kidnapping and burglary). Petitioner contends his counsel advised him he faced the possibility of 70 to 80 years, and this was erroneous under the Anthony rule. Petitioner is simply wrong. In fact, petitioner faced the possibility of consecutive sentencing of 40 years for each especially aggravated kidnapping and 10 years for aggravated burglary, a total of 90 years.

For these reasons, petitioner was not prejudiced. He said he pled guilty fearing the possibility of a 70 to 80-year sentence. Indeed he faced that possibility, and more. Anthony would be no impediment. Thus, petitioner has not shown he would not have pled guilty had he understood the ramifications of Anthony.

Finally, the post-conviction court found the guilty plea was knowingly and voluntarily entered with a full understanding of the terms of the agreement. The post-conviction court implicitly rejected petitioner's testimony that he was "pressured" into the plea. The evidence does not preponderate against this finding.

Accordingly, we affirm the judgment of the trial court.

_____

JOE G. RILEY, JUDGE